UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL L. TOLER, JR.,

    Plaintiff,

v.                                              Case No. 5:22-cv-110-TKW/MJF

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.
_____/

**ORDER**

    This matter is before this court on Plaintiff's first amended complaint. Doc. 9. Because his first amended complaint suffers from several defects, this court will strike the complaint and provide Plaintiff with one opportunity to supplement and clarify his allegations in a second amended complaint.

**I. BACKGROUND**

    On July 25, 2022, Plaintiff filed a first amended complaint. Doc. 9. He is suing twelve defendants in their individual and official capacities. *Id.* at 4-8. He asserts violations of the Eighth Amendment. *Id.* at 12-13. Plaintiff requests declaratory relief; $10 million, presumably in compensatory damages; $100 million in punitive damages; and "any other relief deemed just and appropriate." *Id.* at 13.

## II. STANDARD

Plaintiff is a prisoner, so the court must review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it is frivolous, is malicious, fails to state a plausible claim for relief, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (same for *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

## III. DISCUSSION

Plaintiff's first amended complaint suffers from several defects, **only some of which are discussed below**.

A.      **Plaintiff's Complaint Violates the Federal Rules of Civil Procedure**

A civil complaint filed in federal court "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2). The complaint also must contain "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id.*

A so-called "shotgun pleading" is a "complaint that violates Federal Rules of Civil Procedure 8(a)(2) or 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). One type of shotgun pleading **fails to separate into a different count each cause of action or claim for relief**. *Id.* at 1325 (citing *Weiland*, 792 F.3d at 1323). Another type "**assert[s] multiple claims against multiple defendants without specifying which of the defendants . . . the claim is brought against**." *Id.* (emphasis added) (citing *Weiland*, 792 F.3d at 1323).

Plaintiff is suing twelve defendants for alleged violations of the Eighth Amendment. He fails to identify, however, what claims under the Eighth Amendment he is asserting and against which defendants each claim is asserted. *See DeJesus v. Lewis*, 14 F.4th 1182, 1195 (11th Cir. 2021) (noting that the Eighth

Amendment recognizes three distinct claims). Thus, Plaintiff's first amended complaint is a shotgun pleading.[1]

If he elects to file a second amended complaint, Plaintiff must correct the deficiencies identified above. For example, if Plaintiff chooses to assert a failure-to-protect claim under the Eighth Amendment, he should use the following heading: "**Count One: Failure-to-Protect Claim Under the Eighth Amendment Against [list the relevant defendants]**." Below that heading, he then should list, in numbered paragraphs, all of the facts that are relevant to this claim, **and only those facts that are relevant to this claim**. He should do this for each particular claim that he seeks to raise in this lawsuit. He should not **combine multiple claims under one heading**.

B.     **Plaintiff's Complaint Violates the Local Rules**

The Local Rules of the United States District Court for the Northern District of Florida require a *pro se* prisoner-plaintiff in a civil-rights case to use the court-approved form. N.D. Fla. Loc. R. 5.7(A). The court-approved form requires that a plaintiff, among other things, **attach to the complaint form no more than five additional pages of factual allegations and/or exhibits, absent extraordinary**

---

[1] By failing to "indicate which claim is presented against which" defendant and "number each separate claim and relate it to the facts alleged," Plaintiff also violates the Local Rules by not complying with the court-approved complaint form. *See* N.D. Fla. Loc. R. 5.7(A).

**circumstances**. Additionally, the Local Rules prohibit a civil-rights complaint from exceeding 25 pages. N.D. Fla. Loc. R. 5.7(B). Furthermore, the pages of a complaint must be numbered. N.D. Fla. Loc. R. 5.1(C).

Plaintiff violates the Local Rules in several respects.

First, although he uses portions of the court-approved form, in his "Statement of Facts" and "Statement of Claims" sections Plaintiff simply states, "See Addendum 1 Attached." Doc. 9 at 12-13. This is not acceptable. This court ordinarily will not consider a civil-rights complaint unless the court-approved form has been properly completed and filed by the *pro se* litigant. N.D. Fla. Loc. R. 5.7(A).

Second, he includes with his second amended complaint 20 pages of factual allegations and 7 pages of exhibits. Plaintiff's factual allegations are repetitious and include irrelevant information. Additionally, the attached exhibits are not required to assert a plausible claim for relief. By omitting repetitive and irrelevant information, as well as unnecessary exhibits, Plaintiff easily could state his allegations within the prescribed page limitation.[2]

Third, Plaintiff's first amended complaint is **48 pages**, which far exceeds the 25-page limitation imposed by the Local Rules.

---

[2] For the reasons set forth in this paragraph, Plaintiff's "Motion for to [sic] Allow Excess Pages in Statement of Facts Section of the Amended Complaint," which Plaintiff attached to his first amended complaint, Doc. 9 at 51-53, must be denied without prejudice.

Finally, Plaintiff does not number the pages of his first amended complaint.

If he elects to file a second amended complaint, Plaintiff **must use and properly complete the court-approved complaint form**. Additionally, he should **comply with 25-page limitation**. Finally, he should **number the pages of the second amended complaint**.

C. <u>Eleventh-Amendment Immunity</u>

Generally, the Eleventh Amendment bars suits for damages by an individual against a state, its agencies, and its employees, unless Congress has abrogated the state's sovereign immunity or the state has consented to suit. *Schultz v. Alabama*, 42 F.4th 1298, 1314 (11th Cir. 2022) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)); *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). Relevant here, Congress has not abrogated the states' sovereign immunity in actions under section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67-68 (1989). Under *Ex parte Young*, however, an individual may sue state officers in their official capacities for prospective injunctive relief. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Because Defendants are employed by the Florida Department of Corrections ("FDC"), Plaintiff's official-capacity suits essentially are suits against the State of Florida. *Scott v. Taylor*, 405 F.3d 1251, 1254 (11th Cir. 2005). Thus, the Eleventh Amendment bars Plaintiff's official-capacity claims to the extent he requests

damages as relief. *See Walden v. Fla. Dep't of Corr.*, 975 F. Supp. 1330, 1331 (N.D. Fla. 1996) (noting that the FDC is "a state agency that is clearly the equivalent of the State of Florida for Eleventh Amendment purposes").

If he elects to file a second amended complaint, Plaintiff should **omit claims for damages against Defendants in their official capacities.**

**D.     Supervisory Liability**

Plaintiff is suing the Secretary of the FDC and the warden, chief of security, and assistant warden at Gulf Correctional Institution ("GCI") in their individual capacities. Doc. 9 at 4-6.

Section 1983 claims "may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior." *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). Supervisors are liable under section 1983 only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional violation." *Id.* (quotation omitted).

Plaintiff attempts to hold the above defendants liable for the actions of officers at GCI. Because Plaintiff fails to plausibly allege that the above defendants personally participated in the alleged constitutional violations or that their actions caused the alleged constitutional violations, Plaintiff fails to allege a plausible claim against the above defendants.

If he elects to file a second amended complaint, Plaintiff should omit individual-capacity claims against these defendants, **unless he truthfully can allege sufficient facts to plausibly suggest that the above defendants are personally liable under section 1983**.

### IV. VOLUNTARY DISMISSAL OR AN AMENDED COMPLAINT

Plaintiff should carefully consider the defects in his first amended complaint and weigh the likelihood of success and the consequences of not being a prevailing party in this action.

The prevailing party will be entitled to recover costs. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.[3] **If Defendants prevail, for example, they are entitled to recover from Plaintiff the costs of defending this lawsuit**. **A court can award costs to defendants even if a plaintiff is proceeding *pro se* or has no money**. *Smith v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 944, 953-54 (11th Cir. 2017) (affirming award of $5,371.13 in costs against indigent *pro se* plaintiff who did not prevail after a trial); *Smith v. Sec'y, Fla. Dep't of Corr.*, 598 F. App'x 738 (11th Cir. 2015) (affirming an award of $671.67 in costs against an indigent *pro se* plaintiff after corrections officer prevailed on summary judgment). It is important that litigants assess their likelihood of success and the consequences of a loss.

---

[3] The costs that a court may award under Rule 54 are limited to those specified in 28 U.S.C. § 1920: costs for clerk and marshal fees; transcript fees; witness and copying fees; docket fees; and compensation for court-appointed experts and interpreters.

In light of the obvious defects in his first amended complaint, Plaintiff must ask himself: "Can I allege sufficient facts in an amended complaint to state a cause of action under the relevant law?" If Plaintiff does not have a good-faith belief that he can state a facially plausible claim, **he should file a notice of dismissal**.

On the other hand, if Plaintiff chooses to proceed with this action, he must:

1. completely fill out a new complaint on the court-approved form;

2. mark the complaint as his "**Second Amended Complaint**";

3. address and remedy the defects identified above;

4. clearly identify each defendant he is suing by placing each defendant's name in the style of the case on the first page of the complaint form and listing each defendant's relevant information in the "Parties to this Complaint" section;

5. in the "Statement of Facts" section, clearly describe how each named defendant was involved in the alleged violation;

6. use **separately-numbered paragraphs** to set forth allegations as to each defendant named in the second amended complaint;

7. use headings to separate multiple claims (for example: "**<u>Count One: Failure-to-Protect Claim Under the Eighth Amendment Against [list the relevant defendants]</u>**.)";

8. include specific dates and times of each defendant's alleged acts, if known;

9. delete or drop a defendant from his second amended complaint if Plaintiff cannot state exactly how that particular defendant harmed him;

10. in the section entitled "Statement of Claims," state what rights under the Constitution or laws of the United States have been violated, and provide support in the statement of facts for the claimed violations;

11. **type or clearly write** the text of the second amended complaint, as this court cannot consider allegations that the court cannot read; and

12. include in the demand for relief only what is permitted under the relevant law.

Plaintiff also is advised that the second amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended pleading are deemed to have been abandoned. N.D. Fla. Loc. R. 15.1; *see Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

## V. Conclusion

For the reasons set forth above, it is **ORDERED**:

1. The clerk of the court shall strike Plaintiff's second amended complaint. Doc. 9.

2. Plaintiff's "Motion for to [sic] Allow Excess Pages in Statement of Facts Section of the Amended Complaint," Doc. 9 at 51-53, is **DENIED** without prejudice.

3. Plaintiff's motion for an extension of time, Doc. 19, is **DENIED** without prejudice because it is moot in light of this order.

4. **On or before October 20, 2022**, Plaintiff shall:

   a. file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i); **or**

   b. file an amended complaint in compliance with this order, which shall be **typed or clearly written** and marked as Plaintiff's "**Second Amended Complaint**."

5. Failure to comply with the directions set forth above likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and failure to state a plausible claim for relief.

**SO ORDERED** this 20th day of September, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**